UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARCUS L. LEWIS,

        Plaintiff,

v.

        Case No. 24-cv-1013-pp

JUDGE BRETT LUDWIG
and NELSON PHILLIPS III,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE**

---

On August 9, 2024, the plaintiff, who is representing himself, filed a complaint against "Brett Harry Ludwig" and "Nelson Phillips III," alleging that during a conference call in one of his pending cases in this district the two engaged in *ex parte* communications and colluded against him. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. Although the plaintiff has demonstrated that he cannot pay the filing fee, the court will dismiss this case because it is frivolous, the plaintiff has failed to state a claim and the plaintiff has sued a defendant who is immune from suit.

I.    **Plaintiff's Ability to Pay the Filing Fee**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine

1

whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he is not employed, not married and has no dependents he is responsible for supporting. Dkt. No. 2 at 1. He did not complete the section regarding income, but he claims to have expenses totaling $302 (groceries and cell phone). The plaintiff says he owns no property and has $1.50 in cash, checking or savings. Id. at 3. Under "other circumstances," the plaintiff explains that he has been out of work since 2022, the municipal court refused to allow his commercial driver's license to be reinstated and his lease to his own "semi-truck is gone because of racial profiling, false police report, unlawful stop." Id. at 4. (In the complaint, the plaintiff alleges that he hasn't worked "in two, going on three years" and that he is "homeless with no income." Dkt. No. 1 at 3.) Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee.

## II. Screening

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he

2

need only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. Because the plaintiff represents himself, the court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III. Facts Alleged in the Complaint

Although the plaintiff does not say so in the complaint, "Brett Harry Ludwig" is a United States District Court judge in this district. https://www.wied.uscourts.gov/judges/brett-h-ludwig. "Nelson Phillips III" is an attorney with the Milwaukee County Corporation Counsel. https://www.wisbar.org/directories/pages/lawyerprofile.aspx?Memberid=1028189. The plaintiff alleges that he hasn't worked in two or three years "because of case: 24-cv-150bhl . . . ." Dkt. No. 1 at 3. A review of the docket for this district reveals that Case No. 24-cv-150-bhl is Marcus L. Lewis v. Michael Szudarski, *et al.*, a civil rights lawsuit brought by the plaintiff; Judge Ludwig is the presiding judge and Attorney Phillips represents the six defendants. The docket for that case shows that on July 30, 2024—ten days before the plaintiff filed this lawsuit—Judge Ludwig conducted a telephonic scheduling conference. Id. at Dkt. No. 26.

The plaintiff begins by alleging that Judge Ludwig and Attorney Phillips "engaged in ex parte communication and failure to execute their judicial duties in a timely fashion." Lewis v. Ludwig, Case No. 24-cv-1013, Dkt. No. 1 at 2. He

3

asserts that Judge Ludwig "says he was summarizing the case with defendants counsel on conference call, secretly without [the plaintiff]." Id. The plaintiff asserts that Judge Ludwig told him that the call "was just about scheduling," but that Judge Ludwig "did not speak on the dates [the plaintiff] picked, or include in scheduling;" he says Judge Ludwig selected the dates that the defendant picked. Id. He alleges that Attorney Phillips said that he knew that the court would rule in his favor regarding scheduling, and that Judge Ludwig "did what Nelson Phillips said he was going to do." Id. at 2-3. He asserts that Judge Ludwig "had no reasonable explanation for prolonging case to next year;" he says he told Judge Ludwig that he did not pick those dates or consent to them. Id. at 3. The plaintiff asserts that Judge Ludwig told the plaintiff that "this how we do it, (him and Nelson Phillips) . . . ." Id. He says that Judge Ludwig told him to stop talking about the dates "he was picking for Nelson Phillips," or the plaintiff would just make it "worst" for himself. Id.

The plaintiff alleges that Judge Ludwig and Attorney Nelson "have been members of EDWBA[1] since 2014," and that they recently "did two federal cases together." Id. He says there are more details "in amended complaint explaining why this is a conflict of interest for those two to be on same case," and he says that "[i]t's just all getting started showing racial bias." Id. The plaintiff alleges that he hasn't worked in two or three years due to the case before Judge Ludwig, and says that although "its known [he's] homeless with no income,"

---

[1] Presumably the Eastern District of Wisconsin Bar Association, whose members include the federal judges in this district and lawyers who practice in federal court.

4

Case 2:24-cv-01013-PP   Filed 08/21/24   Page 4 of 11   Document 4

Judge Ludwig "still decided to push case into new year, racially motivated is the impression given, judicial misconduct, violation of code of conduct, summarizing case without me, is building a strategy against me with defendants, then prolong case." Id. The plaintiff says he believes that Judge Ludwig and Attorney Phillips "prolong cases, to keep making money off court, for cases that can be resolved less than a year." Id.

In the section of the complaint asking what relief he seeks, the plaintiff wrote:

> Another year of court, means, another loss of income for year, 2021 I made $158,000+ with my lease to own semi truck, illegally my license is being held for ransom by Milwaukee Municipal Court, so I seek what I would be making 2024 if I had my cdl, also I recuse Nelson Phillips and Brett Harry Ludwig from case: 24-cv-150, and case: 2:24-cv-00918, due to conflict of interest, and lack of impartiality, I feel like them to summarizing my case, and Nelson Phillips III dishonest character, will sabotage my cases. All audio of what amended complaint say these two said, can be heard on flash drive. Thank you.

Id. at 4.

The plaintiff attached to the complaint a twenty-six page "amended complaint." Dkt. No. 1-1. In this document, he explains that Attorney Phillips drafted the Rule 26(f) report on July 8, 2024 and emailed it to the plaintiff. Id. at ¶2. The plaintiff accuses Phillips of "reciting from a script of tricks of the trade he was taught during his law career," and says that Phillips speaks with a "devil's tongue." Id. at ¶3. The plaintiff claims that Phillips's affirmative defenses contained statements that did not apply to Case No. 24-cv-150. Id. at ¶4. The plaintiff believes it's possible that Judge Ludwig and Phillips were "discussing legal advice" to prevent the plaintiff from winning when the plaintiff

5

joined the telephonic scheduling conference. Id. at ¶61. (The audio recording from the telephonic scheduling conference is publicly available on the docket, Case No. 24-cv-150 at Dkt. No. 25, and that recording and the hearing minutes reflect that the plaintiff did not appear at the start of the conference. Id., Dkt. Nos. 25, 26.)

The plaintiff recounts various statements made by Attorney Phillips during the conference call. Id. at ¶5-13. According to the plaintiff, Phillips said he had a feeling the plaintiff knew "where this is case is going;" the plaintiff interpreted that statement to mean that Phillips already had discussed the case with Judge Ludwig. Id. at ¶¶14-16. The plaintiff accuses Phillips of talking as if he knew Judge Ludwig personally. Id. at ¶19.

The plaintiff appears to take issue with the deadlines set at the scheduling conference and suggests that Judge Ludwig should recuse himself. Id. at ¶¶38-45. He suggests that Judge Ludwig's personal bias is evident because he did not select the plaintiff's proposed deadlines. Id. at ¶51. The plaintiff also accuses Attorney Phillips of abusing his power by saying that he did not intend to give the plaintiff money. Id. at ¶73. He then attacks the credentials of both Judge Ludwig and Phillips. Id. at ¶84. The plaintiff demands "fair due process no malicious prosecution or judicial misconduct." Id. at ¶98.

The plaintiff attached a brochure from the EDWBA which contains a biography of Judge Ludwig, dkt. no.1-1 at 18-22, and an article or profile regarding Phillips that appears to be from wisbusiness.com, id. at 23. He also

6

attaches pages from PACER, seemingly to show that Phillips previously has appeared before Judge Ludwig. Id. at 24.

Three days after his initial filing, the plaintiff filed the audio recordings of the conference call with Judge Ludwig and telephone conversations with Phillips.

**IV. Analysis**

Section 1915(e)(2)(B) of Title 28 requires a court to dismiss a case "at any time" if the court determines that the case "is frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." All three factors are present here.

By suing Judge Ludwig for actions taken in his judicial role, the plaintiff has sued a party who is immune from monetary relief. Judges are protected by absolute judicial immunity from acts they take in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Richman v. Sheahan, 270 F.3d 430, 434 (7th Cir. 2001). The principle of judicial immunity recognizes that "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Mireles, 502 U.S. at 10. In the end, any errors made by a judge through inadvertence or otherwise must be addressed through the appellate process. Dawson v. Newman, 419 F.3d 656, 660–61 (7th Cir. 2005).

7

Statements a judge made—and deadlines the judge set—during a scheduling conference involve acts taken in the judge's judicial capacity. Judge Ludwig is immune from suit for any actions taken in his handling of Case No. 24-cv-150.

The court does not have subject-matter jurisdiction over the plaintiff's claims against Attorney Phillips. Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal Constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts cannot consider and decide lawsuits alleging violations of *state* law unless the plaintiff lives in a different state from the defendant and the amount of claimed damages exceeds $75,000, or unless the state-law claims related to a federal claim. Because both the plaintiff and Phillips both are citizens of Wisconsin, dkt. no. 1 at 2, the court does not have diversity jurisdiction over the plaintiff's claims against Phillips.

The allegations in the complaint and the "amended" complaint attached to it do not raise a federal question. The plaintiff alleges that Phillips said he knew the court would rule in his favor. Dkt. No. 1 at 2. He alleges that it is a conflict of interest for Phillips to be involved in a case with Judge Ludwig because of their membership in the EDWBA and because Phillips has had cases before Judge Ludwig in the past, id. at 3, and he asserts that Phillips has a dishonest character, id. at 4. In the amended complaint, he accuses Phillips

8

of making misleading suggestions in preparing the Rule 26(f) report, dkt. no. 1-1 at ¶3, raising affirmative defenses that didn't apply to the case, id. at ¶4, suggesting that the plaintiff failed to join an indispensable party, id. at ¶9, stating that he was confident in his client's case, id. at ¶11, and snickering on the telephonic conference call, id. at ¶12. The plaintiff alleges that Phillips said, "I have a feeling [the plaintiff] knows where this case is going," id. at ¶14, and that Phillips "knows he can get the judge to side with him," id. at ¶16. The plaintiff even suggests that Phillips himself was the subject of racial discrimination, id. at ¶50, and that he may have been assigned to the plaintiff's case to make it seem like there was no racial discrimination when Judge Ludwig set the deadlines, id. at ¶22.

While the plaintiff has made many assumptions about Phillips's motivations and his character (without any basis for doing so), a review of the allegations demonstrates that Phillips discussed the Rule 26(f) report with him as required by the Federal Rules of Civil Procedure, appeared at the scheduling conference and made statements to the plaintiff in the course of representing his client. As for the plaintiff's claims of racial discrimination, he fails to identify his own race or explain why he believes that anything Phillips said or did was based on the plaintiff's race. Nothing that Phillips allegedly said or did violates the United States Constitution or a federal statute, which means the court does not have federal question jurisdiction.

Because Judge Ludwig is immune from suit and the court has no subject-matter jurisdiction over the plaintiff's claims against Attorney Nelson,

9

the plaintiff has failed to state a claim against either of them. This lawsuit also is frivolous. The plaintiff filed a federal lawsuit, showed up late to a scheduling conference for that lawsuit and then did not get the schedule that he asked for. He filed *this* lawsuit to try to circumvent the rulings of another judge. This court—a district court—has no appellate authority to review the decisions of another federal district court judge. The plaintiff must raise any issues involving the proceedings in Case No. 24-cv-150-bhl in that case. If the plaintiff believes that Judge Ludwig has made errors in that case, he may appeal to the Seventh Circuit Court of Appeals, but that typically occurs after the case has concluded and the court has entered judgment.

The plaintiff should be aware that when he signs a pleading, he represents to the court that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," he is not bringing the claims for an improper purpose and that the claims are warranted by existing law and the factual contentions have evidentiary support (or will likely have evidentiary support after a reasonable opportunity for further investigation). Fed. R. Civ. P. 11. Violations of this rule can result in sanctions. Some of the plaintiff's allegations in this case implicate Rule 11 because they are contradicted by the audio recording of the July 30, 2024 scheduling hearing, which is publicly available to the plaintiff and filed on the docket in this case.

The court normally gives a self-represented party permission to attempt to amend his complaint to cure the deficiencies identified by the court, but the

court need not give such leave when "any amendment would be futile or otherwise unwarranted." Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. and Nw. Ind., 786 F.3d 510, 520 (7th Cir. 2015) (quoting Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004)). The court finds that any additional amendment in this case would be futile.

**V.     Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** because it is frivolous, fails to state a claim and names a defendant who is immune from suit. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 21st day of August, 2024.

                                           **BY THE COURT:**

                                           _____
                                           **HON. PAMELA PEPPER**
                                           **Chief United States District Judge**