UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARCUS L. LEWIS,

        Plaintiff,

    v.

                              Case No. 24-cv-1013-pp

BRETT HARRY LUDWIG
and NELSON PHILLIPS, III,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S REQUESTS FOR DOCUMENTS (DKT. NOS. 6, 8), DENYING PLAINTIFF'S REQUEST FOR MEETING (DKT. NO. 7) AND DENYING PLAINTIFF'S MOTIONS TO VACATE JUDGMENT (DKT. NOS. 10, 11)**

---

On August 9, 2024, the plaintiff, representing himself,[1] filed a complaint against Brett Harry Ludwig and Nelson Phillips III. Dkt. No. 1. The complaint alleged that during a telephone conference in <u>Lewis v. Szudarski</u>, Case No. 24-cv-150, the two defendants—U.S. District Judge Brett H. Ludwig (who presided over that case) and Attorney Nelson Phillips (who represented the defendants in it)—had engaged in *ex parte* communications and had colluded against him. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court granted the motion to proceed

---

[1] The plaintiff is a frequent *pro se* litigant in this district. Excluding this case, he has filed five other cases over the past two years. <u>Lewis v. Szudarski, *et al.*</u>, Case No. 24-cv-150; <u>Lewis v. Bilda, *et al.*</u>, Case No. 24-cv-589; <u>Lewis v. City of Cudahy, *et al.*</u>, Case No. 24-cv-918; <u>Lewis v. City of Cudahy, *et al.*</u>, Case No. 24-cv-1492; <u>Lewis v. Dugan, *et al.*</u>, Case No. 25-cv-645.

1

without prepaying the fee and screened the plaintiff's complaint. Dkt. No. 4. The complaint was lengthy and difficult to follow, but the court perceived that the core of the allegations was that Judge Ludwig and Attorney Phillips had colluded to prolong the Szudarski case "to keep making money off court." Dkt. No. 1 at 3. The plaintiff requested damages and asked the court to order that Judge Ludwig and Attorney Phillips recuse themselves from the case. Id. at 4.

On August 21, 2024, the court dismissed the plaintiff's complaint at the screening stage. It explained that as a United States District Court judge, Judge Ludwig is protected by absolute judicial immunity, meaning that the plaintiff could not obtain monetary relief from him. Id. at 7–8. The court also explained that it did not have jurisdiction over the plaintiff's claims against Attorney Phillips because both the plaintiff and Phillips are citizens of Wisconsin, which meant that there was not complete diversity between the parties; the court also found that nothing the plaintiff had alleged that Phillips said or did violated the United States Constitution or a federal statute, so the complaint did not raise a federal question. Id. at 8–9. The court concluded that amendment would be futile, so it did not grant the plaintiff leave to file an amended complaint. Id. at 9–10.

## I.     Plaintiff's Additional Filings (Dkt. Nos. 6, 7, 8)

After the court screened and dismissed the complaint in August 2024, the court received several documents from the plaintiff. On April 17, 2025, the court received from the plaintiff a letter requesting items in the court's possession—"DVD and Flashdrive"—for Case Nos. 24-cv-589, 24-cv-1013 and

2

24-cv-918. Dkt. No. 6. In response, the clerk's office mailed the plaintiff a "copy bill" for the cost to make him copies of the items he was requesting. Id.

On May 28, 2025, the court received from the plaintiff a letter requesting a meeting with Chief Judge Pepper "for issues about" Case Nos. 25-cv-645, 24-cv-150, 24-cv-1013, 24-cv-918 and 24-cv-589. Dkt. No. 7.

Also on May 28, 2025, the court received from the plaintiff a letter requesting "original documents," including "original DVD" and "original flash drives," from Case Nos. 24-cv-589, 24-cv-918, 24-cv-1013. Dkt. No. 8. Presumably the plaintiff thought that if he asked for the original documents, he would not have to pay the copy fee. In response to this request, the clerk's office mailed the plaintiff a letter reminding him that after his original April 17, 2025 request for documents, the clerk's office had sent him a copy bill telling him how much it would cost for copies of those filings and that the bill had not yet been paid. Dkt. No. 8-1. The clerk's office informed the plaintiff that it could not send him the original documents he was requesting because "[o]nce filed, documents become the official court record and cannot be returned by the Clerk's Office." Id. The clerk's office advised the plaintiff that it would mail him copies of his requested filings upon receipt of payment and enclosed another copy bill. Id.

To the extent that the plaintiff is asking the court for either original documents or copies of them from his various cases, the court will deny that request. The clerk's office is correct—it cannot send him original documents or media drives. Once those are filed, they become the "official record." A party

3

may obtain *copies* documents or media in the record, but that party must pay for those copies. An indigent person may proceed without prepaying the filing fee if a judge allows him to do so, but incarcerated persons are not "entitled to litigate at no expense." Brown v. Kriz, Case No. 09-C-531, 2009 WL 2224804, at *2 (E.D. Wis. July 21, 2009). The plaintiff may have copies of the items he seeks as soon as he pays the copy bill.

The court also will deny the plaintiff's request to meet with Judge Pepper to discuss issues with the cases he has filed in this district. For a judge to meet with only one party in a lawsuit is called an "*ex parte*" communication. Judges are ethically prohibited from permitting or considering *ex parte* communications in a pending matter. See ABA Model Code of Judicial Conduct Rule 2.9.

## II. Plaintiff's Notice of Fraud on the Court and Motions to Vacate (Dkt. Nos. 9, 10, 11)

On February 4, 2026, the court received from the plaintiff a seventeen-page document titled "Fraud on the court (rule 60(d)(3) [sic]". Dkt. No. 9.[2]

The next day, the court received from him a one-page document titled "Motion to vacate judgment for fraud on the court pursuant to rule 60(d)(3) an entry of judgment in favor of Marcus L. Lewis." Dkt. No. 10. In that document, the plaintiff stated:

> II. On February 4th I filed a motion, for fraud on the court, to vacate judgment, rule 60(d)(3), entry of judgment in favor of Marcus L. Lewis

---

[2] The plaintiff appears to have filed the identical document in Szudarski, Case No. 24-cv-150, Dkt. No. 118. In fact, the caption of the filing in this case is the caption for Szudarski. Dkt. No. 9 at 1.

4

> III. Attached is flashdrive with evidence pertaining to fraud on the court, and overlooked evidence, with audio videos listed in motion filed on February 4th, 2026, it can be found in case: 2:24-cv-00150

Id. The flash drive to which the plaintiff refers appears to be audio recordings he filed in Szudarski, Case No. 24-cv-150, Dkt. No. 119.

In the seventeen-page filing the court received on February 4, 2026, the plaintiff argues that Judge Ludwig, in concert with others, wrongly and fraudulently denied or "suppressed" various motions in Szudarski. Dkt. No. 9 at 1. The plaintiff asserts that he is presenting newly discovered evidence of this fraud on the court. Id. at 2. The rest of the filing describes various documents the plaintiff filed in Szudarski (Dkt. No. 117-1), and various allegations about the alleged fraud. Dkt. No. 9 at 2–17. It is not clear to the court how any of these documents or assertions constitute newly discovered evidence or how they support the plaintiff's allegation of fraud on the court.

Federal Rule of Civil Procedure 60 provides several avenues for a district court to set aside a judgment. But the Seventh Circuit has explained that "Rule 60 relief is limited to 'extraordinary' situations where a judgment is the inadvertent product of 'special circumstances and not merely [the] erroneous application[ ] of law.'" Kennedy v. Schneider Elec., 893 F.3d 414, 419 (7th Cir. 2018) (quoting Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995).

The plaintiff cites Rule 60(d)(3), which allows the court to "set aside a judgment for fraud on the court;" the Seventh Circuit says fraud on the court is "fraud 'directed to the judicial machinery itself' and involving 'circumstances

where the impartial functions of the court have been directly corrupted.'" Kennedy, 893 F.3d at 419 (quoting In re Whitney-Forbes, Inc., 770 F.2d 692, 698 (7th Cir. 1985); citing Fed. R. Civ. P. 60(d)(3)). Rule 60(d)(3) motions "can be brought at any time after judgment because the 'conduct . . . might be thought to corrupt the judicial process itself." Id. (quoting Oxxford Clothes XX, Inc. v. Expeditors Int'l of Washington, Inc., 127 F.3d 574, 578 (7th Cir. 1997)). The "bar for what constitutes fraud on the court under Rule 60(d)(3)" is high; "[t]he fraud must have been the kind of fraud that ordinarily could not be discovered, despite diligent inquiry, within one year or even many years." Id. at 420 (citing In re Golf 255, Inc., 652 F.3d 806, 809 (7th Cir. 2011)).

The plaintiff's "evidence" does not meet the high bar for Rule 60(d)(3) fraud. Even if it did, the "evidence" does not demonstrate there was any "fraud on the court" that impacted *this court's* decision to dismiss *this case* for lack of subject-matter jurisdiction. The court based its decision on the fact that Judge Ludwig's position as a United States District Court Judge grants him absolute immunity, the fact that Attorney Phillips and the plaintiff both are citizens of Wisconsin and the fact that the plaintiff's complaint did not raise a federal question. Dkt. No. 4 at 7–10. None of the documents or allegations the plaintiff provided in his February filings—*after* this court dismissed the case on those grounds—changes those facts. Nor do they demonstrate there was any fraud on the court regarding those facts. The court will deny the plaintiff's motion.

Judge Ludwig denied the identical motion in Szudarski, Case No. 24-cv-150, Dkt. No. 120. Judge Ludwig found that the plaintiff's "evidence" did not

establish fraud under Rule 60(d)(3). Id. at 2. Judge Ludwig explained that "[n]othing improper happened during the telephonic scheduling conference" in that case, and that the plaintiff's "remaining accusation and complaints are similarly off-base and do not warrant further discussion[.]" Id.

To the extent the plaintiff might be asking for relief from the judgment Judge Ludwig issued in Szudarski, Case No. 24-cv-150—or for any of his cases other than this one—Chief Judge Pepper does not have the authority to interfere with or overturn another district court judge's decision. That role is for the court of appeals.

Finally, on June 1, 2026, the court received from the plaintiff another motion to vacate for fraud on the court. Dkt. No. 11. This one consists of eighteen, single-spaced pages. It asks the court to investigate Judge Ludwig, accuses members of the clerk's office and others of misconduct (including state employees) and makes allegations against numerous individuals who are not named as defendants. It asks this court to "issue a recusal" to Judge Ludwig, to "vacate the judgement entered on November 4, 2025," order an investigation into alleged clerk's office misconduct and grant the plaintiff damages. Id. at 18.

The court will deny this motion for the same reasons it denied the previous motion to vacate. Chief Judge Pepper has no authority to investigate another federal district court judge. The plaintiff has provided no evidence of misconduct by the clerk's office, and he did not name members of the clerk's office as defendants in this case. The court cannot force another judge to recuse himself and the court sees no basis for Judge Ludwig to do so

7

(particularly in a case that is closed). This court issued its judgment in this case on August 21, 2024—not on November 4, 2025—so the judgment to which the plaintiff refers is not a judgment this court issued and thus not a judgment this court can vacate.

For the reasons explained above, the court will deny the plaintiff's motions to vacate judgment.

This case has been closed for almost two years now. The plaintiff has not asked the court to reopen the case; if he had, the court would not do so. If the plaintiff believes that Judge Ludwig made errors in the plaintiff's case before Judge Ludwig, the plaintiff may appeal. If he believes this court has made errors in this case, he may appeal. But this court cannot provide him with relief.

## III. Conclusion

The court **DENIES** the plaintiff's request for original documents or copies of filings in his various cases. Dkt. Nos. 6, 8.

The court **DENIES** the plaintiff's request for a meeting with Chief Judge Pepper. Dkt. No. 7.

The court **DENIES** the plaintiff's motions to vacate judgment. Dkt. No. 10, 11.

Dated in Milwaukee, Wisconsin this 9th day of June, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

8